1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2  ALEX TSE (CSBN 152348)
   Chief, Civil Division
3  JAMES A. SCHARF (CSBN 152171)
   Assistant United States Attorney
4
5    150 Almaden Blvd., Suite 900
     San Jose, California 95113
     Telephone: (408) 535-5044
6    Facsimile:   (408) 535-5081
     Email: james.scharf@usdoj.gov
7
   Attorneys for Defendant USA
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION

12

   ROSSANA REIS,                          )    Case No. C12-04550 WHO
13                                         )
        Plaintiff,                         )    STIPULATION FOR COMPROMISE
14                                         )    SETTLEMENT AND RELEASE AND
        v.                                 )    ORDER
15                                         )
   UNITED STATES OF AMERICA,               )
16                                         )
        Defendant.                         )
17  _____)

18

19      It is hereby stipulated by and between the undersigned Plaintiff Rossana Reis ("Plaintiff")

20  and the Defendant UNITED STATES OF AMERICA ("Defendant"), by and through their

21  respective attorneys, as follows:

22      WHEREAS, the parties participated in a mediation with Brick McIntosh on August 14, 2013,

23  at which this Stipulation for Compromise Settlement and Release ("agreement") was reached.

24      WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and

25  to settle and compromise fully any and all claims and issues that have been raised, or could have

26  been raised in this action, which have transpired prior to the execution of this agreement;

27      WHEREAS, the parties intend this to be a full, final and complete settlement that resolves all

28  claims and potential claims that Plaintiff may have arising out of the subject accident of August

1  8, 2011, including but not limited to Plaintiff's claims and potential claims for physical injuries,

2  psychological injuries, past and future medical bills, past and future wage loss and past and

3  future pain and suffering resulting from that accident.

4      NOW, THEREFORE, in consideration of the mutual promises contained in this agreement,

5  and other good and valuable consideration, receipt of which is hereby acknowledged, the parties

6  agree as follows:

7      1.  Agreement to Compromise Claims.  The parties do hereby agree to settle and compromise

8  each and every claim of any kind, whether known or unknown, arising directly or indirectly from

9  the acts or omissions that gave rise to the above-captioned action under the terms and conditions

10 set forth in this agreement.

11     2.  Definition of "United States of America."  As used in this agreement, the United States of

12 America shall include its current and former agencies, agents, servants, employees, and attorneys,

13 including but not limited to, the United States Postal Service and/or any of its current or former

14 agents, servants, employees, and attorneys, including, but not limited to, Gregory Chan.

15     3.  Settlement Amount.  The United States of America agrees to pay the sum of seventy five

16 thousand dollars ($75,000.00) ("Settlement Amount"), which sum shall be in full settlement and

17 satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and

18 nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen

19 personal injuries, damage to property and the consequences thereof, resulting, and to result, from

20 the subject matter of this settlement, including any potential claims for wrongful death or loss of

21 consortium, for which Plaintiff or her guardians, heirs, executors, administrators, or assigns, and

22 each of them, now have or may hereafter acquire against the United States of America.

23     4.  Release.  Plaintiff and her guardians, heirs, executors, administrators or assigns hereby

24 agrees to accept the Settlement Amount in full settlement and satisfaction of any and all claims,

25 demands, rights, and causes of action of whatsoever kind and nature, including potential claims

26 for wrongful death or loss of consortium, arising from, and by reason of any and all known and

27 unknown, foreseen and unforeseen personal injuries, damage to property and the consequences

28 STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE AND [PROPOSED]
   ORDER
   Case No. C12-04550 WHO                    -2-

1   thereof which they may have or hereafter acquire against the United States of America on

2   account of the same subject matter that gave rise to the above-captioned action, including any

3   future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether

4   for compensatory or exemplary damages.  Plaintiff and her guardians, heirs, executors,

5   administrators or assigns further agrees to reimburse, indemnify and hold harmless the United

6   States of America from and against any and all such causes of action, claims, liens, rights, or

7   subrogated or contribution interests incident to or resulting from further litigation or the

8   prosecution of claims by Plaintiff or her guardians, heirs, executors, administrators or assigns

9   against any third party or against the United States.

10      5.  Dismissal of Action.  In consideration of the payment of the Settlement Amount and the

11  other terms of this Settlement Agreement, Plaintiff's attorney shall also execute and provide to

12  Defendant's attorney a Stipulation of Dismissal.  The Stipulation of Dismissal shall dismiss, with

13  prejudice, all claims asserted in this action, or that could have been asserted in this action.  The

14  fully executed Stipulation of Dismissal will be filed within five (5) business days of receipt by

15  Plaintiff's attorney of the Settlement Amount.

16      6.  No Admission of Liability.  This stipulation for compromise settlement is not, is in no

17  way intended to be, and should not be construed as, an admission of liability or fault on the part

18  of the United States, and it is specifically denied that it is liable to the Plaintiff.  This settlement

19  is entered into by all parties for the purpose of compromising disputed claims and avoiding the

20  expenses and risks of further litigation.

21      7.  Parties Bear Their Own Costs.  It is also agreed, by and among the parties, that the

22  respective parties will each bear their own costs, fees, and expenses and that any attorney's fees

23  owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

24      8.  Attorney's Fees.  It is also understood by and among the parties that pursuant to Title 28,

25  United States Code, Section 2678, attorney's fees for services rendered in connection with this

26  action shall not exceed 25 per centum of the amount of the compromise settlement.

27

28

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE AND [PROPOSED]
ORDER
Case No. C12-04550 WHO                    -3-

9. <u>Authority</u>.  The persons signing this agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

10. <u>Waiver of California Civil Code § 1542</u>.  The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by her attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the agreement shall be and remain effective notwithstanding such material difference.

11. <u>Payment by Check</u>.  Payment of the Settlement Amount will be made by check for seventy five thousand dollars ($75,000.00)  payable to Rossana Reis, Plaintiff, and her attorneys, Law Offices of Joseph W. Campbell.  The check will be sent via federal express to Joseph W. Campbell, 1301 Marina Village Parkway, Suite 330, Alameda, CA 94501.  Plaintiff's attorneys agree to distribute the settlement proceeds to the Plaintiff.  Plaintiff and her attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more to process from the date that the Court "so orders" this agreement.  To facilitate the check request, upon request, Plaintiff's attorneys will provide Defendant's attorney with plaintiff's Social Security Number and their Tax Identification Number.

12. <u>Tax Liability.</u>  If any withholding or income tax liability is imposed upon Plaintiff based on payment of the Settlement Amount, Plaintiff shall be solely responsible for paying any such determined liability from any government agency.  Nothing in this Settlement Agreement constitutes an agreement by the United States of America concerning the characterization of the

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE AND [PROPOSED] ORDER
Case No. C12-04550 WHO                -4-

1  Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States

2  Code.

3      13.  Construction.  Each party hereby stipulates that it has been represented by and has relied

4  upon independent counsel in the negotiations for the preparation of this agreement, that it has had

5  the contents of the agreement fully explained to it by such counsel, and is fully aware of and

6  understands all of the terms of the agreement and the legal consequences thereof.  For purposes

7  of construction, this agreement shall be deemed to have been drafted by all parties to this

8  agreement and shall not, therefore, be construed against any party for that reason in any

9  subsequent dispute.  Plaintiff further represents that she read a draft of this agreement on her

10  computer before the mediation and that the contents of this agreement were also explained to her

11  by her attorney at the mediation with the assistance of a sign language interpreter.

12      14.  Severability.  If any provision of this agreement shall be invalid, illegal, or

13  unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in

14  any way be affected or impaired thereby.

15      15.  Integration.  This instrument shall constitute the entire agreement between the parties,

16  and it is expressly understood and agreed that the agreement has been freely and voluntarily

17  entered into by the parties hereto with the advice of counsel, who have explained the legal effect

18  of this agreement.  The parties further acknowledge that no warranties or representations have

19  been made on any subject other than as set forth in this agreement.  This agreement may not be

20  altered, modified or otherwise changed in any respect except by writing, duly executed by all of

21  the parties or their authorized representatives.

22  /

23  /

24  /

25  /

26  /

27  /

28

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE AND [PROPOSED]
ORDER
Case No. C12-04550 WHO                              -5-

1

   16. <u>Liens</u>. Plaintiff is responsible for satisfying any and all outstanding liens arising out of

2

the subject matter of this action, including but not limited to the Healthcare Recoveries (Kaiser)

3

lien. Plaintiff shall indemnify and hold harmless Defendant from any liability Defendant may

4

incur from any lien claimant arising out of any failure by Plaintiff to satisfy the outstanding liens.

5

   17. Defendant will waive request for reimbursement of cancellation fees.

6

7

DATED: August 14, 2013                    /S/
                                   ROSSANA REIS,
8                                  Plaintiff

9

DATED: August 14, 2013                    /S/
10                                 JOSEPH W. CAMPBELL
                                   ELIZABETH B. MORENO
11                                 Attorneys for Plaintiff

12
                                   MELINDA HAAG
13                                 United States Attorney

14

DATED: August 14, 2013                    /S/
15                                 JAMES A. SCHARF
                                   Assistant United States Attorneys
16                                 Attorneys for Defendant

17

   PURSUANT TO STIPULATION, IT IS SO ORDERED.

18

19

DATED:  August 16, 2013
                                   HON. WILLIAM H. ORRICK
20                                 United States District Court Judge

21

22

23

24

25

26

27

28

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE AND [PROPOSED]
ORDER
Case No. C12-04550 WHO                    -6-